MCGREGOR W. SCOTT
United States Attorney
ALSTYN BENNETT
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 2:20-cr-00142-KJN |
| | ) |
| Plaintiff, | ) STIPULATION AND ORDER TO |
| | ) CONTINUE STATUS CONFERENCE AND |
| v. | ) EXCLUDE TIME UNDER THE SPEEDY |
| | ) TRIAL ACT |
| MARILOU F. LEWIS, | ) |
| | ) |
| Defendant. | ) DATE:  September 24, 2020 |
| | ) TIME:  9:30 a.m. |
| | ) JUDGE: Hon. Kendall J. Newman |
| | ) |

This case was previously set for a status conference on September 24, 2020. On March 17, 2020, this Court issued General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which extended the suspension of all jury trials until further notice.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness

with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

The United States of America, by and through its counsel of record, and defendant, by and through its counsel of record, stipulate as follows:

1. By previous order, this matter was set for status on September 24, 2020 at 9:00 a.m.

2. By this stipulation, the parties now jointly move to continue the status conference until October 21, 2020 at 9:00 a.m, and to exclude time between September 24, 2020 and October 21, 2020, under Local Code T4.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form. This discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) The government has represented that video of the incident is forthcoming.

    c) Counsel for defendant desires additional time as new Certified Law Students have joined the trial team as of September 1, 2020, and as such need additional time to prepare this case for trial, including reviewing discovery and the history of this case, interviewing witnesses, and meeting with the client.

    d) Counsel for both parties believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the

time period of September 24, 2020 to October 21, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv) [reasonable time to prepare] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: September 22, 2020    MCGREGOR W. SCOTT
                             United States Attorney


                        By:  */s/ Alstyn Bennett*
                             ALSTYN BENNETT
                             Special Assistant U.S. Attorney


                             */s/ Linda Allison*
                             LINDA ALLISON
                             Assistant Federal Defender
                             Counsel for Defendant
                             (*Per 9/22/2020 email authorization from Linda Allison*)

/ / /

/ / /

/ / /

/ / /

**FINDINGS AND ORDER**

IT IS SO ORDERED, that the status conference is continued to October 21, 2020, at 9:00 a.m., as set forth above.

The Court has considered all of the factors listed above and specifically finds that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The Court orders that time under the Speedy Trial Act shall be excluded from September 24, 2020, to October 21, 2020, under Local Code T4.

FOUND AND ORDERED.

Dated:  September 23, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE